UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY W. SNODGRASS,

              Plaintiff,

     v.

JO ANNE B. BARNHART, Commissioner
of Social Security,

              Defendant.

CASE NO. C02-5600-MJB

MEMORANDUM
OPINION

       Plaintiff Gregory W. Snodgrass appeals to the District Court pursuant to the Social Security Act, 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties agree that the administrative law judge ("ALJ") erred in his evaluation of some of the record evidence, thus, the sole issue in this case is whether the Commissioner's decision should be reversed to award benefits or remanded for further proceedings.

       For the reasons set forth below, the Commissioner's decision should be REVERSED and REMANDED to the Commissioner for payment of benefits.

## I.  PROCEDURAL HISTORY

Plaintiff filed his application for DIB on October 6, 1999, (Tr. 79-81) alleging that he became disabled on November 17, 1996, and later amending that date to March 31, 1998, (Tr. 79, 302).  Plaintiff's application was denied initially and on reconsideration.  Tr. 55-58, 61-63.  A hearing was held before an ALJ on December 11, 2000.  Tr. 29-52.  On June 25, 2001, the ALJ denied Plaintiff's claim.  Tr. 10-28. Plaintiff appealed the decision and the Appeals Council denied Plaintiff's request for review on September 20, 2002.  Tr. 4-5.  An action was filed in the United States for the Western District of Washington on November 19, 2002.  On June 11, 2003, the undersigned Judge issued an order remanding this case to the Commissioner.  Tr. 372-73.  The Appeals Council issued an order on July 14, 2003, vacating the ALJ's June 25, 2001, decision and remanding this case to an ALJ.  Tr. 379-80.  While Plaintiff's appeal was pending on his 1999 application, he protectively filed another application for a period of DIB on July 5, 2001.  Tr. 409-412.  The application was consolidated with Plaintiff's October, 1999, application.  A hearing was held before an ALJ on February 4, 2004.  Tr. 298-329.  On March 18, 2004, the ALJ issued a decision denying Plaintiff claim.  Tr. 281-297.

## II.  THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the Commissioner's decision and grant benefits.  He argues that the ALJ erred by: 1) rejecting the opinion of Dr. DeVidal, 2) rejecting the opinion of treating physician, Dr. Johnson, who opined that Plaintiff cannot work full time, 3) finding Plaintiff not credible, and 4) concluding at step five that Plaintiff was not disabled.  The Commissioner concedes that the ALJ erred in evaluating some of the medical evidence and Plaintiff's RFC.  The Commissioner argues that

1   remand rather than immediate payment of benefits is the appropriate remedy.

2

3                                III.  STANDARD OF REVIEW

4           This court shall affirm the Commissioner's decision denying Plaintiff's

5   application for DIB under Title II of the Social Security Act if supported by substantial

6   evidence or if the Commissioner applied proper legal standards.  *See* 42 U.S.C. § 405(g);

7   *Smolen v. Chater,* 80 F.3d 1237, 1279 (9th Cir. 1996).

8

9                                IV.  EVALUATING DISABILITY

10          The claimant bears the burden of proving that he or she is disabled.  *Meanel v.*

11  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  Disability is defined as the inability to

12  engage in any substantial gainful activity by reason of any medically determinable

13  physical or mental impairment, which can be expected to result in death, or which has

14  lasted or can be expected to last for a continuous period of not less than twelve months.

15  42 U.S.C. § 423(d)(1)(A).

16          The Social Security regulations set out a five-step sequential evaluation process

17  for determining whether a claimant is disabled within the meaning of the Social Security

18  Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must establish that

19  he or she is not engaging in any substantial gainful activity.  20 C.F.R.§§ 404.1520(b),

20  416.920(b).  At step two, the claimant must establish that he or she has one or more

21  medically severe impairments or combination of impairments.  If the claimant does not

22  have a "severe" impairment, he or she is not disabled.  *Id.* at § (c). At step three, the ALJ

23  will determine whether the claimant's impairment meets or equals any of the listed

24  impairments described in the regulations.  A claimant who meets one of the listings is

25  disabled.  *See id.* at § (d).

26

At step four, if the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the ALJ evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. *Id.* at § (e). If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the ALJ finds that the claimant is unable to perform other work, then the claimant is found disabled.

## V.  SUMMARY OF THE RECORD

The parties adequately described the record. Plaintiff was born April 21, 1957 (tr. 465) and was forty-six years old on the date the ALJ issued his decision. Tr. 79, 302, 410. He has a high school education (Tr. 285, 305, 436) and past work experience that includes employment as a heavy equipment operator (Tr. 285, 322, 431).

## VI. THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the onset of his alleged disability. Tr. 285, 295. At step two of the sequential analysis, the ALJ found that Plaintiff had a severe impairment of low back pain with a history of L5-S1 decompression and discectomy surgery, and a pain disorder. Tr. 286, 296. At step three, the ALJ found that Plaintiff's severe impairments did not meet or equal any of the listings. *Id.* At step four, the ALJ assessed Plaintiff's RFC and concluded that he had significant limitations and was unable to perform any of his past relevant work. Tr. 293-94, 296. At step five, the ALJ, in reliance on the testimony of

Vocational Expert ("VE"), found that Plaintiff could perform other work existing in significant numbers in the national economy as a security system monitor, gate guard, and a small product assembler.  Tr. 295, 296.

## VII.  DISCUSSION

The Commissioner concedes that the ALJ erred in his analysis and that his decision should be reversed.  Thus, the remaining question is whether to remand for further administrative proceedings or for immediate payment of benefits.  The decision whether to remand a case for additional evidence or simply to award benefits is in the Court's discretion.  *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th Cir. 1988).  The Court may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose.  *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir. 1989).

In determining when evidence should be credited and an immediate award of benefits directed, the Court applies the following test:

> 1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The decision to remand for further proceedings depends on the utility of such proceedings.  *Id.* at 1179.

A.    The Record Is Fully Developed and There Are No Outstanding Issues

The Commissioner concedes that the ALJ erred in rejecting the opinions of Drs. David deVidal and Ellis Johnson, failing to consider Plaintiff's credibility, and erroneously assessing Plaintiff's RFC and his ability to perform other work.  Dkt. # 26 at

1  pp. 6-16.  The Commissioner advances several arguments about why the record is not

2  sufficiently developed and further proceedings are necessary:

> 1) to clarify Dr. deVidal's statement that with respect to Plaintiff's pain
> "there was a possibility of involvement of other factors such as depression,
> anxiety, and/or malingering," *see* Tr. 278, 298;
> 2) to evaluate the other medical source opinion of Dr. David A. Murphy;
> 3) to re-evaluate Plaintiff's credibility;
> 4) to provide a more specific RFC assessment; and
> 5) after the evidence is clarified and reexamined, reconsider whether
> Plaintiff is able to perform substantial gainful activity in a significant
> number of jobs existing in the national economy.  Dkt. # 30.

8  As is true in nearly every case, there are issues which could be clarified on remand.

9  However, the relevant inquiry is not whether additional clarification could be obtained if

10  the case were remanded, or even whether that clarification might be useful.  Instead, the

11  Court must consider whether there are any outstanding issues that must be resolved

12  before a determination of disability can be made.  *Harman*, 211 F.3d at 1178. The Court

13  finds that the record is sufficiently developed to make a determination regarding

14  Plaintiff's disability.

15      With respect to Defendant's argument that remand is necessary to re-evaluate the

16  medical opinions of Dr. deVidal and Dr. Murphy, this Court, in its discretion, finds that

17  a reevaluation is unnecessary.  *See*, *e.g.*, *Lewis v. Apfel*, 236 F.3d 503, 518 (9th Cir.

18  2001); *See*, *e.g.*, *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).  Dr. deVidal's

19  statement, that Plaintiff's extreme response to pain may involve other factors including

20  malingering, must be viewed in the context of his express finding that even though

21  "[t]here is . . . some evidence of symptom exaggeration[,] it does not appear that he is

22  malingering."  Tr. 278.  Thus, Dr. deVidal's statement does not require further

23  clarification.  Also, the finding of Dr. Murphy, of the Progressive Rehabilitation

24  Associates pain center, that Plaintiff was capable of at least sedentary/light work (Tr.

25  248) is not sufficient to discredit the opinions of Drs. deVidal and Johnson (see

26

Memorandum Opinion - Page 6

1   discussion below).

2      The Court also has the discretion to credit the improperly discredited testimony of

3   Plaintiff.  *See*, *e.g.*, *Connett*, 340 F.3d at 876; *See, e.g., Bunnell v. Barnhart*, 336 F.3d

4   1112 (9th Cir. 2003).  Here, Defendant argues that Plaintiff's testimony should not be

5   credited because there remains outstanding issues as to Plaintiff's RFC and his ability to

6   perform other work.  However, once the opinions of Dr. deVidal and Dr. Johnson and

7   the testimony of Plaintiff are credited as true, the RFC and the resulting finding

8   regarding Plaintiff's ability to perform other work can be resolved.

9   B.   Once the Evidence Is Properly Credited, Plaintiff Is Disabled on the Existing

10      Record

11      The Court finds that the record is sufficiently developed to make a determination

12   regarding Plaintiff's disability.  The ALJ, based on the ample documentation of

13   Plaintiff's medical conditions in the record, found as a severe impairment Plaintiff's

14   degenerative disk disease of the lumbar spine, with herniation repair, and pain disorder .

15   Tr. 16, 209-210, 212-213, 240, 278, 491, 532, 535, 575.  As a result of these conditions,

16   Plaintiff's physicians opined that Plaintiff had significant exertional and functional

17   limitations.

18      In November, 2001, Ellis Johnson, M.D., Plaintiff's primary care physician

19   opined that Plaintiff was capable of sedentary type work if allowed frequent changes in

20   position, with no more than fifteen to twenty minutes in a single position.  Tr. 532.  He

21   would also require ergonomic seating.  *Id.*  On January 6, 2004, Dr. Johnson opined that

22   Plaintiff was limited to sitting for up to thirty minutes at a time, with no more than two

23   hours in an eight-hour day; standing for up to thirty minutes at a time, with no more than

24   one hour in an eight-hour day; walking for up to thirty minute at a time, with no more

25   than two hours in an eight-hour day.  Tr. 562.  Dr. Johnson also opined that Plaintiff

26

Memorandum Opinion - Page 7

1    would likely miss work more than four days per month secondary to his pain.  Tr. 563-

2    64.  On April 11, 2001, and at the request of the ALJ, David deVidal, Ph.D., evaluated

3    Plaintiff and diagnosed him with a Pain Disorder with psychological factors as well as a

4    general medical condition.  Tr. 278.  On May 16, 2001, Dr. deVidal completed a

5    "Medical Assessment of Ability to Do Work-Related Activities (Mental)," wherein he

6    opined that Plaintiff would have a "fair" ability to deal with the public, interact with

7    supervisors, deal with work stressors, understand, remember and carry out complex job

8    instructions, and demonstrate reliability.  Tr. 548-49.  "Fair" is defined as "[a]bility to

9    function in this area is seriously limited, but not precluded.  Tr. 547.  Finally, Plaintiff's

10   surgeon, Kim A. Wayson, M.D., opined that Plaintiff was medically stationary but was

11   disabled from any activity due to his pain.  Tr. 240.

12        Additionally, in an RFC assessment completed in January, 2000, state agency

13   physician, Robert Hoskins, M.D., opined that Plaintiff's "subjective complaints [are]

14   supported by objective evidence but do not preclude sed[entary] work as recommended

15   by treating [physician]."  Tr. 237.  However, treating physician, Dr. Johnson, while

16   stating that Plaintiff could do sedentary work (Tr. 532), opined that Plaintiff could not

17   do such work on a full-time basis (Tr. 562).  In a later RFC assessment completed on

18   March 26, 2002, by another state agency physician, Dr. David Deutsch noted that there

19   are no "treating/examining source conclusions about the claimant's limitations or

20   restrictions which are significantly different" from his findings.  Tr. 544.

21        Accordingly, the Court finds that based on the medical and vocational evidence in

22   the record Plaintiff is able to perform sedentary work but not on a full-time basis.  Given

23   Plaintiff's inability to work on a full-time basis, Plaintiff is disabled.

24   //

25   //

26

Memorandum Opinion - Page 8

1

VIII.  CONCLUSION

2          Based on the foregoing, the Court finds that the ALJ's decision is not supported

3   by substantial evidence.  Additionally, the record has been fully developed, further

4   proceedings would serve no useful purpose, and the properly credited evidence shows

5   that Plaintiff is disabled.  Therefore, this decision is REVERSED and this case is

6   REMANDED to the Commissioner for payment of benefits.

7          DATED this  30th  day of September, 2005.

8

9

10

11                                         MONICA J. BENTON
                                           United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26